IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHERYL K. CARLSON and DENNIS E. CARLSON, as Personal Representative for the ESTATE OF SHIRLEY CARLSON,<br><br>Plaintiffs,<br><br>vs.<br><br>FREIGHTLINER L.L.C, a Delaware Corporation,<br><br>Defendant. | CASE NO. 4:03-CV-3208<br><br>BRIEF IN SUPPORT OF DEFENDANT'S STATEMENT OF APPEAL OF MAGISTRATE JUDGE'S ORDER |

INTRODUCTION

The Defendant has filed a Statement of Appeal of the Magistrate Judge's Memorandum and Order compelling the Defendant to respond to certain discovery requests propounded by the Plaintiff. (Filing No. 35). A telephone planning conference was held with the parties and the Magistrate Judge on November 6, 2003. At that time it was noted that the discovery needs vary dramatically depending on the court's ruling on two issues: "(1) whether the plaintiffs' strict liability claim can go forward given the defendant's admission of negligence; and (2) whether Oregon law, which permits punitive damages, applies in this case." (Filing No. 16). It was agreed that these issues would be placed before the Court for early resolution so that discovery could proceed.

On December 31, 2003, the Plaintiff filed their Motion to Determine Choice of Law Regarding Punitive Damages (Filing No.26) and the Motion to Compel (Filing No. 28). On

March 19, 2004, the Memorandum and Order on the Motion to Compel was issued. Despite the earlier recognition by the Magistrate Judge that the scope of the discovery would be affected by the Court's decision on the choice of law regarding punitive damages, the Magistrate Judge chose not to wait until the Court had ruled on the choice of law issue. (Filing No. 35)

## ARGUMENT

The specific interrogatories that relate to the issue of punitive damages are Interrogatories No. 4, 5, 7, 9, 10, 11, and 13. (Filing No. 30, Plaintiff's Interrogatories). The Magistrate Judge's Memorandum and order is clearly erroneous and contrary to law. It was premature for the Magistrate Judge to compel discovery on discovery requests that relate to the issue of punitive damages. The Court should wait until there has been a decision regarding whether Oregon's law on punitive damages is applicable to this case before compelling the Defendant to spend unnecessary time and money responding to discovery requests that may later prove not to be relevant.

The Magistrate Judge has failed to give the Defendant sufficient time to respond to the discovery requests. The Magistrate Judge has ordered the Defendant to respond to the discovery requests at issue within ten days. This is the same amount of time provided to file a Statement of Appeal in NELR 72.3. The Defendant needs additional time to respond because Defendant is out of the state of Nebraska. The Defendant should at least have thirty days to respond to the discovery requests given the location of the Defendant and the time to appeal.

The Magistrate Judge also invited the Plaintiffs to apply for fees and expenses because it is mandatory to award them when the party opposing the motion to compel is

2

not "substantially justified" in opposing the Motion to compel or "no circumstances exist suggesting that such an award would be unjust" pursuant to Fed.R Civ. P. 37(a)(4)(A). The Magistrate Judge reached this conclusion based upon the fact the Defendant did not respond to the Motion to Compel. (Filing No. 35, p. 5). While it is true the Defendant did not respond to the Motion to Compel, the Magistrate Judge knew that there was an issue concerning the scope of discovery based upon the resolution of the choice of law on punitive damages issue. (Filing No. 16). The Magistrate Judge knew that this issue had not been resolved when he issued the Memorandum and Order. (Filing No. 35). The Defendant's position in not responding or producing the discovery at issue was substantially justified based upon the choice of law issue being undecided. The fact the choice of law issue has not been decided is also evidence of the existence of other circumstances which make an award of expenses unjust in this case.

## CONCLUSION

For the reasons argued above, the Defendant would request that the Court reverse the Memorandum and Order of the Magistrate Judge and postpone a ruling on the Motion to Compel until such time as the Court rules on the Motion to Determine Choice of Law Regarding Punitive Damages. Additionally, the Defendant would request it be given at least thirty days to respond to the discovery request and that fees and expenses not be awarded to the Plaintiffs.

DATED this 26th day of March, 2004.

                FREIGHTLINER L.L.C., Defendant,

      By:   s/Melanie J. Whittamore-Mantzios, #18883
             Wolfe Snowden Hurd Luers & Ahl, LLP
             Suite 830, Wells Fargo Center
             1248 "O" Street
             Lincoln, NE 68508
             (402) 474-1507

## **CERTIFICATE OF SERVICE**

       I hereby certify that on March 26, 2004, I electronically filed the foregoing **STATEMENT OF APPEAL OF MAGISTRATE JUDGE'S ORDER** with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:

David S. Houghton
Robert W. Mullin
LIEBEN, WHITTED, HOUGHTON,
  SLOWIACZEK & CAVANAGH, P.C., L.L.O.
100 Scoular Building,
2027 Dodge Street
Omaha, NE 68102

      By:   s/Melanie J. Whittamore-Mantzios, #18883
             Wofle Snowden Hurd Luers & Ahl, LLP
             Suite 830, Wells Fargo Center
             1248 "O" Street
             Lincoln, NE 68508
             (402) 474-1507.