IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHERYL K. CARLSON and DENNIS E. CARLSON, as Personal Representative for the Estate of Shirley Carlson, | ) ) ) ) ) ) ) ) ) ) ) ) | 4:03CV3208 **MEMORANDUM AND ORDER** |
| Plaintiffs, vs. FREIGHTLINER LLC, Defendant. | | |

    For a third time one of the parties has moved for a choice-of-law determination in this case. The plaintiffs first sought a determination that, as a matter of public policy, an Oregon statute that allows punitive damages in products liability cases should apply to the action, which they characterized as involving a design defect claim. The plaintiffs' motion, treated as a motion for partial summary judgment, was denied. The defendant next moved for partial summary judgment, arguing that Nebraska's prohibition against damages applies because the plaintiffs cannot prove that the defective part was designed in Oregon. The motion was denied because of conflicting evidence, including, but not limited to, prior admissions by the defendant that the defective part was designed in Oregon. Now the defendant in effect is asking the court to reconsider its last ruling, arguing that there is a presumption under applicable choice-of-law principles that the Nebraska law of damages is controlling.[1]

---

[1] The defendant has also filed a statement of appeal from an order that was entered by Magistrate Judge Piester on May 24, 2005, denying the defendant's motion for a protective order and stay of discovery regarding punitive damages. The appeal will be denied.

The defendant's motion is untimely. Our local rules provide that "[a] party must file a motion for reconsideration of an order no later than ten (10) days after the court files the order, unless the party shows good cause for a later filing." NECivR 60.1(b). The defendant's motion for partial summary judgment was denied by the court on January 27, 2005, the defendant's motion for reconsideration was not filed until April 15, 2005, and the defendant has made no "good cause" showing. Nor has the defendant made "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c). Indeed, nothing at all new is presented by the defendant's motion for reconsideration.

Alternatively, the defendant moves the court to "hold an evidentiary hearing wherein the parties present evidence relevant only to the choice of law issue." (Filing 182.) The defendant does not specify any procedural basis for its motion,[2] but the requested hearing clearly entails more than simply receiving evidence under Federal Rule of Civil Procedure 43(e) in reconsideration of the previously denied motion for partial summary judgment. That is, the defendant requests the evidentiary hearing "so that the Court may decide any existing factual disputes and reach the merits of the choice of law dispute." (Id.) If, however, this request for an evidentiary hearing is denied, then the defendant "moves the Court, under Rule 42 of the Federal Rules of Civil Procedure, to bifurcate the trial in this case so that the Court may hold a preliminary bench trial on the choice of law issue, resolve any factual disputes, and decide – in advance of the scheduled trial on the merits – whether Oregon or Nebraska law governs the punitive damages issue in this case." (Id.)

The defendant states that by granting a pretrial "evidentiary hearing," the court could "forego the need for a bifurcation motion analysis, thereby expediting the process." (Filing 183, p. 12.) Translated, this means that the defendant would be

---

[2] A written motion must "state with particularity the grounds therefor." Fed. R. Civ. P. 7(b)(1).

relieved of its obligation to show that a separate trial on the choice-of-law issue would be "in furtherance of convenience[,] . . . avoid prejudice, or . . . conducive to expedition and economy, . . . [while] preserving the right to trial by jury . . . ." Fed. R. Civ. P. 42(b). The court will continue to adhere to the rules and put the defendant to its burden of establishing that it is entitled to a separate trial.

District courts possess broad discretion to bifurcate issues for purposes of trial under Fed. R. Civ. P. 42(b). O'Dell v. Hercules, Inc., 904 F.2d 1194, 1202 (8th Cir. 1990). In exercising discretion, district courts should consider the preservation of constitutional rights, clarity, judicial economy, the likelihood of inconsistent results, and possibilities for confusion. Id. Where the issues in a case are clearly separable, bifurcation is not an abuse of discretion. Id.; Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537 (8th Cir.1977) (separate trial solely on the issue of whether the product was manufactured by the defendant). However, the separation of issues for trial is not to be routinely ordered. United States v. Dravo Corp., No. 8:01CV500, 2002 WL 1832274, *3 (D.Neb. Mar. 6, 2002) (citing advisory committee's notes to Rule 42). In general, the court does not abuse its discretion by denying a motion to bifurcate if the movant has not shown prejudice to its case. See Eischeid v. Dover Const., Inc., 217 F.R.D. 448, 466 (N.D.Ia. 2003) (citing Athey v. Farmers Ins. Exchange, 234 F.3d 357, 362 (8th Cir. 2000)).

The defendant has not made a showing that it would be prejudiced by the court determining the choice-of-law issue based upon evidence that is presented at trial in front of the jury. Nor has the defendant demonstrated that the choice-of-law issue in this case is clearly separable from other issues that remain for trial. The motion to bifurcate therefore will be denied.

The defendant contends—and the plaintiffs do not contest—that the choice-of-law issue, including any underlying factual disputes (such as the place of design of the defective part), is to be determined by the judge rather than the jury. The parties

are advised that the trial will proceed in this manner unless an objection is filed within 10 days.

The parties also appear to agree that Nebraska choice-of-law principles apply in this case and that, pursuant to such principles, Nebraska law controls all issues in this case except punitive damages. The plaintiffs contend that Oregon law controls the issue of punitive damages, while the defendant contends that Nebraska law also controls this issue.[3] Again, if this is <u>not</u> a correct statement of the parties' positions, an objection must be filed within 10 days.

IT IS ORDERED that:

1. Defendant's "motion to adjudicate choice of law issue" (filing 182) is denied in all respects;

2. Defendant's statement of appeal (filing 194) is denied, and the magistrate judge's order entered on May 24, 2005 (filing 193) is sustained;

3. Unless a party files an objection within ten (10) days of today's date, all choice-of-law issues presented in this case, including any underlying factual disputes relevant to the choice-of-law issues, shall be determined solely by the undersigned United States District Judge, and the parties shall be deemed to have waived any right to a jury trial respecting such choice-of-law issues;[4] and

---

[3] The defendant further contends that even if Oregon law might be found to control the issue of punitive damages in connection with the "survival" claim of the plaintiffs' decedent, Nebraska law controls the plaintiffs' wrongful death claim.

[4] Absent a timely objection, and unless the parties include a stipulation to this effect in the final pretrial order, the court may require on-the-record oral waivers of any right to a jury trial on the choice-of-law issues. <u>See</u> Fed. R. Civ. P. 39(a).

4.     Unless an objection is filed within ten (10) days of today's date, all controverted issues in this case, with the possible exception of the issue of punitive damages, will be resolved by applying the substantive law of the State of Nebraska.

DATED: June 6, 2005.          BY THE COURT:

                                       s/ Richard G. Kopf
                                       United States District Judge