IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| CHERYL K. CARLSON and DENNIS E. CARLSON, as Personal Representative for the Estate of Shirley Carlson, | ) ) ) ) ) | 4:03CV3208 |
| Plaintiffs, | ) ) | **MEMORANDUM AND ORDER** |
| vs. | ) ) | |
| FREIGHTLINER LLC, | ) ) | |
| Defendant. | ) | |

Defendant has filed a motion for reconsideration of the court's memorandum and order of June 6, 2005, insofar as the court denied Defendant's request for a pre-trial evidentiary hearing or for a bifurcation of the trial. The motion will be denied because Defendant has not made "(1) a showing of manifest error in the prior ruling; or (2) a showing of new facts or legal authority, neither of which could have been brought to the court's attention earlier with reasonable diligence." NECivR 60.1(c).

The court's previous memorandum and order also directed the parties to file any objections they might have to the court (rather than the jury) determining the choice-of-law issue, including any underlying factual disputes, or to applying the substantive law of Nebraska to all issues in the case, with the possible exception of the issue of punitive damages. Defendant has not objected to either of these matters, but "objects to the order insofar as it seems to indicate the trial court will not rule on the merits of the choice of law issue until after the parties have presented all of their evidence on all issues in this case." (Filing 202, p. 1.)

For the record, the court has not made a determination as to how or when the choice-of-law issue will be decided. The court merely determined in the previous

memorandum and order that Defendant did not demonstrate that it was entitled to either a pre-trial evidentiary hearing or a bifurcated trial on the choice-of-law issue.

Pursuant to the court's previous memorandum and order, however, the parties are deemed to have waived any right to a jury trial on any choice-of-law issues. They are also deemed to have agreed that Nebraska choice-of-law principles apply in this case and that, applying such principles, Nebraska law controls all issues in this case except punitive damages, as to which Plaintiffs contend that Oregon law applies.

The parties are encouraged to meet in advance of the final pretrial conference and to discuss procedures to facilitate the court's choice-of-law determination. Any joint or separate proposals to this effect should be included in the pretrial order. See Fed. R. Civ. P. 16.

IT IS ORDERED that Defendant's motion for reconsideration (filing 202) is denied.

July 28, 2005.                BY THE COURT:

                              s/ *Richard G. Kopf*
                              United States District Judge