IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **CHERYL K. CARLSON and DENNIS E. CARLSON, as Personal Representative for the ESTATE OF SHIRLEY CARLSON,** | ) ) ) ) ) | **CASE NO. 4:03-CV-3208** |
| **Plaintiffs,** | ) ) | |
| vs. | ) ) | **THIRD PROTECTIVE ORDER** |
| **FREIGHTLINER L.L.C, a Delaware Corporation,** | ) ) ) | |
| **Defendant.** | ) ) | |

This matter coming on before the Court at the agreement (stipulation, filing 228) of the Plaintiffs and Defendant for a Protective Order pursuant to Fed. R. Civ. P. 26(c)(7), and the Court being fully advised in the premises finds that a protective order should be issued to provide procedures and safeguards regarding the production of competitively sensitive and proprietary financial information of the Defendant, Freightliner L.L.C., as more fully set forth herein.

ACCORDINGLY, IT IS HEREBY ORDERED AS FOLLOWS:

  1. The Freightliner LLC's audited annual financial statements for the years 1991 through 2000 (hereinafter referred to as "Financial Statements") must be treated as confidential:

  2. The Financial Statements, any copies, any data derived therefrom, and any notes or other documents setting forth or revealing any information from the Financial Statements:

    (a) Shall be used solely for the purpose of this proceeding, or any judicial review proceeding arising therefrom, and not for any other litigation, business, commercial or other competitive purpose.

1

    (b)    Shall not be disclosed or made available by the Plaintiffs to other than "qualified persons" who are defined to consist of (a) this Court; (b) counsel for the parties to this litigation; (c) persons employed by counsel; (d) the named parties in this litigation; (e) court reporters who are reporting official proceedings in this litigation; (f) Plaintiff's expert witnesses and/or consultants; and (g) any other person to whom the parties agree to in writing.  All Qualified Persons shall be provided with a copy of this Order and shall sign a consent to be bound by it prior to any disclosure.

    (c)    No summary or copy of any Financial Statements shall be made by any person other than at the express direction of the attorney to whom disclosure was first made.  Any summary or copy shall be subject to the terms of this Third Protective Order to the same extent as the information or document from which such summary or document is made.

    (d)    Any copies of the Financial Statements subject to this order must be destroyed by counsel for Plaintiffs, and notice of such destruction served on Defendant, within 120 days of the time that the Parties enter an agreement settling the litigation, or at the completion of this proceeding, or any judicial review proceeding arising therefrom, whichever comes last.

    (e)    If it is necessary to file any of these confidential documents with any pleading filed with the Court, in order to be kept confidential, such documents shall be filed under seal.

3.    Without waiving arguments as to admissibility of any of the Financial Statements, the Defendant will produce for the Plaintiffs copies of the above-referenced documents.

4.    If a party may question witnesses concerning the Financial Statements and the underlying facts during deposition discovery, provided that the Party's counsel who poses the questions shall advise the witness that the information is deemed to be Confidential for purposes of this proceeding and shall (a) obtain written acknowledgment by the witness that the content of the Financial Statements shall be kept confidential (b) have the witness in connection with a recorded deposition provide verbal acknowledgment on the record that he or she will maintain the confidential nature of the documents.

5.    If any party intends to use the Financial Statements in the course of any deposition, the party so intending shall so advise counsel for the Defendant and all portions of the deposition at which the confidential documents are used shall be restricted to persons who may review the material under this Third Protective Order.  All portions of deposition transcripts or exhibits that consist of, or discloses the confidential documents shall remain confidential in accordance with the terms of this Third Protective Order.

6. The Financial Statements may be offered as evidence at trial without further Court order. Freightliner reserves all objections to the admissibility of the Financial Statements. In the event the Financial Statements are offered as evidence at trial they shall be kept under seal and not disclosed to the public with the exception of the court, counsel, and the jury without further Court order.

7. All parties must comply with all of the provisions stated in this Third Protective order unless good cause, as determined by the Court, is shown by any party to warrant suspension of any of the provisions herein.

8. The Clerk of the District Court is directed to maintain under seal all Financial Statements which have been designated in whole or in part. To assist the Clerk, the Financial Statements that a party wishes to have placed under seal pursuant to this Protective Order shall be filed with the Clerk in a sealed envelope or other appropriate sealed container on which shall be the caption of this litigation, an identification of the content of the sealed envelope, the designation "Confidential Information," and a notice that the content of the envelope should not be revealed except by order or under the direction of the Court.

9. The obligations of confidentiality set forth in this Third Protective Order shall continue in effect after the termination of this proceeding and any judicial review proceeding arising therefrom, and the rights and obligations hereunder shall be binding upon each party, its successors and assigns.

SO ORDERED this 5th day of August 2005.

                                                BY THE COURT

                                                s/ *David L. Piester*

                                                David L. Piester
                                                United States Magistrate Judge

Prepared and submitted by:

*s/ Melanie J. Whittamore-Mantzios*
Melanie J. Whittamore-Mantizos
Wolfe, Snowden, Hurd, Luers & Ahl, LLP
**Attorney for Freightliner LLC**

Approved as to form by:

*s/ Robert W. Mullin*
Robert W. Mullin
Whitted, Houghton, Slowiaczek
 & Cavanagh, P.C., L.L.O.
**Attorney for Plaintiff**